United States Court of Appeals

For the Eighth Circuit
_____

No. 23-3129
_____

United States of America

*Plaintiff - Appellee*

v.

Holsey Ellingburg, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 9, 2024
Filed: August 23, 2024
[Published]
_____

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.
_____

PER CURIAM.

     In December 1995, Holsey Ellingburg, Jr. robbed a bank. Mr. Ellingburg was indicted in April 1996, and in August of that same year, he was convicted. Mr. Ellingburg was sentenced to time in prison and ordered to pay more than $7,500 in restitution.

Appellate Case: 23-3129    Page: 1    Date Filed: 08/23/2024 Entry ID: 5427566

Mr. Ellingburg was released from prison in June 2022. At that time, Mr. Ellingburg had paid a little more than one quarter of his original restitution order. In 2023, Mr. Ellingburg filed a motion to show cause in district court,[1] challenging the continued enforcement of his restitution order, which, with interest, had grown to five figures. Mr. Ellingburg argued that the statutory period of time for paying his restitution ("restitution liability term") under the Victim and Witness Protection Act ("VWPA") had expired in 2016. 18 U.S.C. § 3613(b)(1) (1995). Furthermore, he argued that retroactively applying an expanded restitution liability term under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3613(b), violated the U.S. Constitution's Ex Post Facto Clause, U.S. Const. art. I, § 9, cl.3. The district court held that retroactively applying the MVRA to his restitution order did not violate the Ex Post Facto Clause, and Mr. Ellingburg now appeals. We affirm.

In April 1996, Congress passed the MVRA, superseding the VWPA in relevant part. Pub. L. No. 104-132, tit. II, §§ 201–11, 110 Stat. 1214, 1227–41 (1996). One significant difference between the two statutes, relevant to this appeal, is that the MVRA changed the restitution liability term. Under the VWPA, the term was 20 years from entry of judgment. Under the MVRA, the term became "the later of 20 years from entry of judgment or 20 years after the release from imprisonment of the person fined." 18 U.S.C. § 3613(b). Additionally, the MVRA made interest on restitution orders mandatory. *Id.* § 3612(f)(1). Mr. Ellingburg's offense conduct occurred while the VWPA was still in force, and he was convicted and sentenced after the MVRA became law.

The parties do not dispute that the MVRA has been applied to Mr. Ellingburg's sentence retroactively. Rather, the parties dispute whether application of the MVRA to Mr. Ellingburg's sentence violates the Ex Post Facto Clause. "We review questions involving the constitutionality of a federal statute *de novo*." *United States v. Crawford*, 115 F.3d 1397, 1400 (8th Cir. 1997).

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

Mr. Ellingburg argues that application of the MVRA violates the Ex Post Facto Clause because it enlarges his restitution liability term, increasing his punishment. "To fall within the *ex post facto* prohibition, a law must be retrospective—that is 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime." *United States v. Williams*, 128 F.3d 1239, 1241 (8th Cir. 1997) (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)). The Ex Post Facto Clause applies only to criminal penalties, and thus the dispute before us is whether MVRA restitution is a criminal or civil penalty. *Weaver v. Graham*, 450 U.S. 24, 29 (1981).

The Eighth Circuit's view on this issue appears to have changed over time. In *Williams*, we stated that "an order of restitution under the MVRA is punishment for Ex Post Facto Clause purposes." 128 F.3d at 1241. We explained that "because the MVRA provides that the district court shall order restitution 'in addition to . . . any other penalty authorized by law. . . . ' 18 U.S.C.A. § 3663A(a)(1)[,] [t]he plain meaning is that restitution under the MVRA is a penalty." *Id.* A year after *Williams*, we further noted "that an order of restitution under the [MVRA]" constitutes a criminal penalty. *United States v. Dugan*, 150 F.3d 865, 868 (8th Cir. 1998).

Although *Williams* and *Dugan* were both persuasive, neither case definitively held whether restitution under the MVRA amounted to a criminal or civil penalty. *United States v. Carruth*, 418 F.3d 900, 903 (8th Cir. 2005) ("Our discussion about whether restitution is a penalty or punishment for ex post facto purposes was thus dicta and not necessary to reach the court's holding."). In *Carruth*, we had the opportunity to decide the issue. *Id.* at 903–04. There, we held that, because restitution under the MVRA "is designed to make victims whole, not to punish perpetrators, . . . it is essentially a civil remedy created by Congress and incorporated into criminal proceedings for reasons of economy and practicality." *Id.* at 904.

After *Carruth*, the Supreme Court called our holding into question. First, the same year we decided *Carruth*, the Court explained that the reason for MVRA restitution was "to mete out appropriate criminal punishment for [certain] conduct." *Pasquantino v. United States*, 544 U.S. 349, 365 (2005). Then, in 2014, the Court went further. *Paroline v. United States*, 572 U.S. 434 (2014). Although the Court examined whether restitution was criminal or civil under a different statute, 18 U.S.C. § 2259, it concluded that restitution ordered as part of a criminal sentence serves "penological purposes." *Paroline*, 544 U.S. at 457.

In light of *Paroline*, at least one circuit, the Tenth, overruled prior precedent that had found MVRA restitution was a civil penalty. *See United States v. Anthony*, 25 F.4th 792, 798 n.5 (10th Cir. 2022) ("We have previously held that restitution statutes such as the MVRA do not inflict criminal punishment and thus are not punitive. *See United States v. Serawop*, 505 F.3d 1112, 1122 (10th Cir. 2007) . . . . But we reexamined this conclusion after the Supreme Court explained in *Paroline* that restitution 'serves punitive purposes.'" (citations omitted)).

When the Tenth Circuit changed course, it joined the majority of circuits in finding that MVRA restitution is a criminal penalty. *See United States v. Tull-Abreu*, 921 F.3d 294, 305 (1st Cir. 2019); *Gonzalez v. United States*, 792 F.3d 232, 236, 236 n.18 (2d Cir. 2015); *United States v. Leahy*, 438 F.3d 328, 335 (3d Cir. 2006); *United States v. Grant*, 715 F.3d 552, 554 (4th Cir. 2013); *United States v. Adams*, 363 F.3d 363, 365 (5th Cir. 2004); *United States v. Sosebee*, 419 F.3d 451, 461 (6th Cir. 2005); *United States v. Lillard*, 935 F.3d 827, 835 (9th Cir. 2019); *United States v. Siegel*, 153 F.3d 1256, 1260 (11th Cir. 1998); *but see United States v. LaGrou Distrib. Sys., Inc.*, 466 F.3d 585, 593 (7th Cir. 2006).

The year after *Paroline*, our court was asked to overrule *Carruth*. *United States v. Thunderhawk*, 799 F.3d 1203, 1209 (8th Cir. 2015). The court addressed *Carruth* and declined to overrule it, finding *Carruth* to remain binding precedent. *Id.* (rejecting defendant's argument that "restitution is a criminal punishment"); *see also United States v. Rodriguez*, 915 F.3d 532, 536 (8th Cir. 2019) ("While some

aspects of mandatory restitution statutes are punitive, the primary purpose of such statutes is 'remedial or compensatory.'" (quoting *Paroline*, 572 U.S. at 456)).

*Carruth* and *Thunderhawk* remain the binding precedent in the Eighth Circuit, and only the en banc court may overturn such precedent. *United States v. Flynn*, 969 F.3d 873, 882 (8th Cir. 2020). Accordingly, retroactive application of the MVRA to Mr. Ellingburg's restitution order does not violate the Ex Post Facto Clause. We affirm.[2]

MELLOY, Circuit Judge, with whom KELLY, Circuit Judge, joins, concurring.

In *Thunderhawk*, we reaffirmed our holding in *Carruth* that MVRA restitution "is essentially a civil remedy created by Congress and incorporated into criminal proceedings for reasons of economy and practicality." *Thunderhawk*, 799 F.3d at 1209 (quoting *Carruth*, 418 F.3d at 904). Though *Paroline* was issued just months before, our opinion in *Thunderhawk* did not address or analyze that case. *See generally id.* Because results dictate stare decisis, we are bound by our holding in *Thunderhawk*, and I therefore concur. However, if not for *Thunderhawk*, I would conclude *Paroline* overruled *Carruth*. *Paroline*, 572 U.S. at 456–57 (explaining that restitution "is imposed by the Government 'at the culmination of a criminal proceeding and requires conviction of an underlying' crime"; "restitution still implicates 'the prosecutorial powers of government,'"; "[t]he primary goal of restitution is remedial or compensatory . . . but it also serves punitive purposes"; interpreting restitution as a civil penalty "would undermine the remedial and penological purposes" of criminal restitution; "there can be no doubt Congress wanted victims to receive restitution for harms"; mandatory restitution has penological purposes, "includ[ing] the need to impress upon offenders that their conduct produces concrete and devastating harms for real, identifiable victims"

---

[2]Mr. Ellingburg also argues that application of the MVRA's mandatory interest provision to his sentence violates the Ex Post Facto Clause. Because *Thunderhawk* precludes relief from interest on the same grounds as the restitution payments, we affirm.

-5-

Appellate Case: 23-3129     Page: 5     Date Filed: 08/23/2024 Entry ID: 5427566

(citations omitted throughout)); *see also Hester v. United States*, *cert. denied*, 139 S. Ct. 509, 511 (2019) (Gorsuch, J., dissenting) (explaining that "restitution is imposed as part of a defendant's criminal conviction" and that federal statutes and Supreme Court cases "describe restitution as a 'penalty' imposed on the defendant as part of his criminal sentence . . . . 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(1), 3572(d)(1); see *Paroline v. United States*, 572 U.S. 434, 456 (2014); *Pasquantino v. United States*, 544 U.S. 349, 365 (2005)").

GRUENDER, Circuit Judge, concurring in the judgment.

I agree that *United States v. Carruth*, 418 F.3d 900 (8th Cir. 2005), and *United States v. Thunderhawk*, 799 F.3d 1203 (8th Cir. 2015), control the outcome of this case. However, the court also suggests that our precedent conflicts with the Supreme Court's decisions in *Pasquantino v. United States*, 544 U.S. 349 (2005), and *Paroline v. United States*, 572 U.S. 434 (2014). I concur in the judgment but write separately because, in my view, nothing in *Pasquantino* or *Paroline* calls our prior holdings into question.

In *Carruth* and *Thunderhawk*, we held that restitution under the Mandatory Victims Restitution Act ("MVRA") is "essentially a civil remedy." *Carruth*, 418 F.3d at 904; *Thunderhawk*, 799 F.3d at 1209. In *Pasquantino* and *Paroline*, the Supreme Court noted that restitution serves penological purposes. *Pasquantino*, 544 U.S. at 365; *Paroline*, 572 U.S. at 457. Because restitution serves penological purposes, the court today suggests that MVRA restitution is a criminal penalty, and not a civil remedy. But restitution can serve penological purposes and still be, as *Carruth* and *Thunderhawk* held, "essentially a civil remedy created by Congress and incorporated into criminal proceedings for reasons of economy and practicality." *Carruth*, 418 F.3d at 904; *Thunderhawk*, 799 F.3d at 1209.

Whether restitution is primarily civil or criminal is a matter of statutory construction and not based solely on "the character of the actual sanctions imposed." *Hudson v. United States*, 522 U.S. 93, 101 (1997). "[T]he mere presence of [a

-6-

penological] purpose [such as deterrence] is insufficient to render a sanction criminal, as deterrence may serve civil as well as criminal goals." *Id.* at 105 (internal quotation marks omitted); *see also Paroline*, 572 U.S. at 456 ("The primary goal of restitution is remedial or compensatory. . . ."). Because the court takes it a step too far by suggesting that *Carruth* and *Thunderhawk* are inconsistent with Supreme Court precedent, I do not join the court as to that part of the opinion.

_____

Appellate Case: 23-3129     Page: 7     Date Filed: 08/23/2024 Entry ID: 5427566